**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ELIZABETH ROLAND on her own
and as parent and next friend of J.M.,
a minor child,

        Plaintiff,

vs.                                  No. 1:21-cv-00631-KWR-JHR

ALBUQUERQUE PUBLIC SCHOOLS BOARD
OF EDUCATION; CLEVELAND MIDDLE SCHOOL;
SCOTT ELDER, SUPERINTENDENT OF THE
ALBUQUERQUE PUBLIC SCHOOLS IN HIS OFFICIAL
CAPACITY; DR. DAVID E. PEERCY IN HIS OFFICIAL CAPACITY
AS CHAIR OF THE APS BOARD OF EDUCATION; MARISOL FRAGA
PRINCIPAL OF CLEVELAND MIDDLE SCHOOL IN HER
OFFICIAL CAPACITY,

        Defendants.

**STIPULATED ORDER APPROVING SETTLEMENT ON BEHALF**
**OF A MINOR AND DISMISSING CASE WITH PREJUDICE**

**THIS MATTER** having come before the Court during the **March 23, 2022**, fairness hearing, and the Court having conducted a hearing and heard statements by the Court-Appointed Guardian *ad Litem* Matthew Vance and testimony from J.M.'s parent Elizabeth Roland, **FINDS:**

1.    The Court has jurisdiction over the parties and subject matter herein.

2.    The parties have resolved all claims raised by Elizabeth Roland, individually and as parent and next friend of J.M., arising out of alleged Inspection of Public Records Act (NMSA 1978, §14-2-1 et seq.) violations and incidents that are alleged to have occurred while J.M. was a student at Cleveland Middle School, which are more fully set forth in the GAL report submitted to the Court on March 16, 2022.

1

3. The parties have negotiated at arm's length and in good faith and have reached a settlement under which all claims against Defendants arising out of or related to the series of events referred to in Paragraph 2 above have been fully and finally resolved.

4. Elizabeth Roland has custody of the minor child, J.M., and is authorized and the appropriate person to enter into a compromise settlement of J.M.'s causes of action against Defendants.

5. Elizabeth Roland testified that understands her rights and those of J.M. and Elizabeth Roland is aware that neither she, nor J.M., nor their heirs and assigns will be able to seek additional amounts from the parties released herein in the future. Elizabeth Roland further testified that she understands that this settlement constitutes a full and complete settlement of any and all claims that Elizabeth Roland and J.M. may have against Defendants as a result of the incidents outlined in the *Guardian ad Litem* Report, as more fully set forth in the Settlement Agreement and Release.

6. Given the information provided to the Court and the testimony of Elizabeth Roland, settlement is hereby authorized, ratified and approved by the Court as in the best interest of J.M., a minor.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1. The settlement as outlined in the *Guardian ad Litem* Report in the amount of $60,000 is hereby approved as being fair and reasonable and in the best interest of the minor, J.M.

2. The Court finds that Elizabeth Roland is an involved parent who is capable of acting in the best interests of J.M. and preserving the settlement funds described herein and in the *Guardian ad Litem* Report for J.M.'s benefit.

3. The total payment of $60,000.00 shall be distributed by defendants as follows:

    a. Attorney Fees: $21,000.00 (35%)

    b. NMGRT: $1,653.75 (7.875%)

    c. Costs: $2,334.11

    d. Medical Bills/Liens: NONE

    e. Net for J.M.: $35,012.14

4. The sum of $35,012.14 shall be invested into a custodial custodian savings account ("Account"), to be established and managed by Elizabeth Roland for J.M.'s sole and exclusive benefit. Funds may be added to the Account at any time without the need of a court order. J.M. is permitted to access, manage, and control the Account, including any accrued interest, on J.M.'s 18th birthday without a court order. J.M. shall be responsible for any and all tax obligations associated with the Account and any interest that accrues on the funds in the Account.

5. Elizabeth Roland understands and agrees that the settlement funds belong exclusively to J.M. and Elizabeth Roland is under a fiduciary duty to safeguard and protect this money for J.M.'s benefit. Elizabeth Roland further understands and agree this money may not be used for food, clothing, or shelter or for any other purpose.

6. The Guardian *ad Litem* for K.S., Matthew Vance, is hereby discharged of his duties. Mr. Vance's fees shall be paid by APS.

7. This case is **DISMISSED WITH PREJUDICE** with each party to bear responsibility for their own costs and attorneys' fees except as otherwise specified in this Order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

**APPROVED:**

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By:*/s/  Jennifer  G. Anderson*
    Jennifer G. Anderson
    Attorneys for Defendants
    Post Office Box 2168
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico 87103-2168
    Tel: (505) 848-1800
    *Attorneys for Defendants*

By: *Electronic Approval 03/30/22*
    Jacob R. Candelaria
    P.O. Box 27437
    Albuquerque, NM 87125
    Tel: (505) 295-5118
    *jacob@jacobcandelaria.com*
    *Attorney for Plaintiff*

and

By:*Electronic Approval 03/24/22*
    Matthew Vance
    3800 Osuna Rd NE, Ste. 2
    Albuquerque, New Mexico 87109
    (505) 242-6267
    *mattvance@mattvancelaw.com*
    *Guardian ad Litem for J.M.*